# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | | |
|---|---|---|
| CAINE MEEK, | | No. C07-1003-LRR |
| Plaintiff, | | |
| vs. | | **ORDER** |
| DAN CHAPMAN, | | |
| Defendant. | | |

This matter is before the court on the defendant's motion for summary judgment (docket no. 11). The defendant filed the instant motion on February 5, 2008. Under Local Rule 56.b., the plaintiff's resistance and supporting documents were due on February 29, 2008. To date, the plaintiff has not resisted the defendant's motion for summary judgment.

Local Rule 56 provides:

> If no timely resistance to a motion for summary judgment is filed, the motion may be granted without prior notice from the court. . . .

L.R. 56.c. As previously stated, the plaintiff did not file a resistance to the defendant's motion for summary judgment. Furthermore, the plaintiff did not request an extension of the filing deadline. Because he never submitted a proper resistance, the plaintiff did not expressly admit, deny or qualify each of the facts set forth in the defendant's statement of material facts filed in support of the motion for summary judgment. *See* L.R. 56.b.2. The plaintiff's failure to file any response to the defendant's statement of material facts constitutes an admission of each of these facts. *See* L.R. 56.b. Given the plaintiff's admission of the facts included in the defendant's statement of material facts and the plaintiff's failure to come forward with any evidence, the court concludes that the

defendant is entitled to summary judgment with respect to the plaintiff's excessive force claim on purely procedural grounds. *See* L.R. 56.c; Fed. R. Civ. P. 56(e).[1]

Nevertheless, the court may grant the defendant's motion for summary judgment with respect to the plaintiff's excessive force claim only if the court determines that the defendant is entitled to judgment as a matter of law on such claim. *Interstate Power Co. v. Kansas City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993). The court reviewed the law that is applicable to the plaintiff's claim, the facts that the plaintiff asserts in his complaint, and the defendant's statement of material facts which are deemed admitted by the plaintiff. Based on such review, the court finds that the defendant is entitled to judgment as a matter of law with respect to the plaintiff's excessive force claim under 42 U.S.C. § 1983. The record, even when viewed in the light most favorable to the plaintiff, fails to establish a genuine issue of material fact with regard to the force, if any, used by the defendant and the injury, if any, suffered by the plaintiff. Based on the foregoing, the undisputed material facts in the instant case show that the defendant is entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED:**

1.      The defendant's motion for summary judgment (docket no. 11) is **GRANTED**.

2.      The plaintiff's claim against the defendant is **DISMISSED**.

---

[1] Federal Rule of Civil Procedure 56(e) provides, ". . . When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must—by affidavits or as otherwise provided in this rule—set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party."

3.	The Clerk of Court is directed to enter judgment in favor of the defendant.

**DATED** this 1st day of April, 2008.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA